UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUNICE DAVIS, | No. 2:13-cv-1908 DAD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment. For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

On June 28, 2010, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on March 31, 2009. (Transcript ("Tr.") at 53, 115-26.) Plaintiff's applications were denied initially, (id. at 67-72), and upon reconsideration. (Id. at 75-79.) Plaintiff requested a hearing and a hearing was held before an

1

Administrative Law Judge ("ALJ") on February 23, 2012.  (Id. at 6-26.)  Plaintiff appeared without representation and testified at the administrative hearing.  (Id. at 7-8.)  In a decision issued on July 27, 2012, the ALJ found that plaintiff was not disabled.  (Id. at 61.)  The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.
>
> 2. The claimant has not engaged in substantial gainful activity since March 31, 2009, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).
>
> 3. The claimant has the following severe impairments: degenerative disc disease; chronic cervical and lumbosacral pain; hypertension; and obesity (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is capable of occasionally pushing and pulling with her bilateral upper extremities and lower extremities; occasionally balancing, stooping, kneeling, crouching, crawling, and climbing.
>
> 6. The claimant is capable of performing past relevant work as a security guard.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from March 31, 2009, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Id. at 55-60.)

On August 22, 2013, the Appeals Council denied plaintiff's request for review of the ALJ's July 27, 2012 decision.  (Id. at 1-3.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on September 13, 2013.

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial

evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

1                              APPLICATION

2       In her pending motion plaintiff argues that the ALJ's treatment of the medical opinion

3 evidence constituted error and that the ALJ improperly rejected plaintiff's subjective testimony

4 regarding her pain and her symptoms.[1]

5  **I.    Medical Opinion Evidence**

6       Plaintiff argues that the ALJ improperly rejected the records from her chiropractor, Glen

7 K. Dawdy. In this regard, the ALJ acknowledged that plaintiff's chiropractor "consistently

8 diagnosed L5-S1 extrusion with spinal canal narrowing and opined the claimant's cervical and

9 lumbosacral pain prevented her from returning to regular and customary work." (Tr. at 59.) The

10 ALJ noted, however, that a chiropractor is "not an acceptable medical source," and therefore

11 "afforded no weight" to the evidence from plaintiff's chiropractor. (Id.) Defendant argues that

12 the ALJ's rejection of this evidence from plaintiff's chiropractor was proper.[2] (Def.'s MSJ (Dkt.

13 No. 16) at 23.)

---

[1] Plaintiff, who is proceeding pro se in this action, has filed a motion for summary judgment that exceeds fifty pages in length and does not clearly set forth her claims for relief. In her pending motion plaintiff attempts to challenge nearly every aspect of the ALJ's decision with every piece of evidence found in the record. As a result, plaintiff raises points of little relevance such as the ALJ's alleged failure to consider a prescription prescribed on a given day. (Pl.'s MSJ (Dkt. No. 15) at 31.) The ALJ may well have struggled with similar issues. Nonetheless, as the defendant notes, "[p]laintiff appears to argue that the ALJ failed to properly consider her statements . . . [and] records from chiropractor Dawdy . . . ." (Def.'s MSJ (Dkt. No. 16) at 12.) The court agrees with this characterization of plaintiff's essential claims.

[2] Defendant attempts to buttress the ALJ's rejection of chiropractor Dawdy's opinion by asserting that the ALJ "noted that the chiropractic treatment was conservative." (Def.'s MSJ (Dkt. No. 16) at 23.) The ALJ, however, did not rely on the fact that Dawdy's chiropractic treatment of plaintiff was conservative as a basis for the rejection of Dawdy's opinion. Rather, the portion of the ALJ's decision referred to by defendant comes after the ALJ had rejected Dawdy's opinion and simply states that "[r]equired treatment has been routine and conservative" and notes that plaintiff "has been treated with chiropractic care, but has not had treatment beyond this." (Tr. at 60.) This court is required "to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ - not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1225 (9th Cir. 2009). Instead, the Commissioner's decision "must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." Barbato v. Comm'r of Soc. Sec. Admin., 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996). See also Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) ("[W]e are wary of speculating about the basis of the ALJ's conclusion . . . .").

An ALJ may afford less weight to the opinion of a chiropractor because he or she is not an acceptable medical source but is instead classified as an "other source." See 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1) (chiropractors are not acceptable medical sources but other sources). Nonetheless, the opinions and evidence from other sources, such as chiropractors, are important and must be evaluated by the ALJ. See Garrison v. Colvin, 759 F.3d 995, 1013-14 (9th Cir. 2014) (ALJ erred by failing to recognize "other source that can provide evidence about the severity of a claimant's impairments and how it affects the claimant's ability to work"); SSR 06-03p, 2006 WL 2329939, at *3 ("Opinions from these medical sources, who are not technically deemed 'acceptable medical sources' under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.").

Accordingly, the ALJ may only reject evidence from an "other source," such as a chiropractor, if the ALJ gives a germane reason for doing so. See Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012); Bain v. Astrue, 319 Fed. Appx. 543, 546 (9th Cir. 2009)[3]; Petty v. Colvin, 954 F.Supp.2d 914, 926 (D. Ariz. 2013) ("An ALJ is free to discount testimony from other sources, but as the Commissioner concedes, he must give reasons germane to each witness for doing so.").

Here, the ALJ erred by failing to offer any reason for rejecting the findings and opinions of plaintiff's chiropractor. Accordingly, the court finds that plaintiff is entitled to summary judgment in her favor with respect to this claim.

**II.    Subjective Testimony**

Plaintiff also asserts that the ALJ erred by rejecting plaintiff's own subjective testimony . (Pl.'s MSJ (Dkt. No. 15) at 48.) The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has

---

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

> presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . ." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ found that plaintiff's credibility had "been somewhat diminished due to inconsistencies observed in the record." (Tr. at 59.) In this regard, the ALJ stated that plaintiff's

/////

/////

/////

1    daily activities were inconsistent with her reports of disabling limitations.[4]  (Id. at 59-60.)

2    However, it is well established that social security claimants need not be "utterly incapacitated to

3    be eligible for benefits."  Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).  See also Vertigan v.

4    Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere

5    fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car,

6    or limited walking for exercise, does not in any way detract from her credibility as to her overall

7    disability."); Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987) ("Disability does not mean that

8    a claimant must vegetate in a dark room excluded from all forms of human and social activity.").

9    In general, the Commissioner does not consider "activities like taking care of yourself, household

10   tasks, hobbies, therapy, school attendance, club activities, or social programs" to be substantial

11   gainful activities.  20 C.F.R. § 404.1572(c).

12          The court finds that the ALJ did not offer a convincing reason for rejecting plaintiff's

13   subjective testimony regarding her pain and her symptoms.  Accordingly, plaintiff is also entitled

14   to summary judgment in her favor with respect to this claim.

15                                          CONCLUSION

16          With error established, the court has the discretion to remand or reverse and award

17   benefits.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  Where no useful purpose

18   would be served by further proceedings, or where the record has been fully developed, it is

19   appropriate to exercise this discretion to direct an immediate award of benefits.  See Benecke v.

20   Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004).  However, where there are outstanding issues that

21   must be resolved before a determination can be made, or it is not clear from the record that the

22   ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated,

23   remand is appropriate.  Id. at 594.

24          Here, the record in this case has not been fully developed, there are outstanding issues that

25   must still be resolved and it is not clear from the record that the ALJ would be required to find

---

[4] Thereafter, the ALJ stated that plaintiff's treatment had been routine and conservative but did not specifically refer to any aspect of plaintiff's own testimony.  (Tr. at 60.)  Thus, it is not clear that the ALJ relied on the finding that plaintiff's treatment was conservative as a basis for rejecting plaintiff's testimony.

plaintiff disabled if all the evidence were properly evaluated.  Accordingly, the court finds that this matter should be remanded for further proceedings so that the ALJ can correct the errors noted above and properly consider the evidence of record in reaching a decision.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 15) is granted;

2. Defendant's cross-motion for summary judgment (Dkt. No. 16) is denied;

3. The Commissioner's decision is reversed; and

4. This matter is remanded for further proceedings consistent with this order.

Dated:  March 14, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\davis1908.ord.docx